UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO LENA,

    Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.

Case No. 18-cv-05447-JD

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff names as defendants all Justices of the California Supreme Court. The complaint is hard to follow and he appears to allege that they violated his due process rights and have been engaged in a conspiracy against him along with other defendants. He seeks injunctive relief only.

Lawsuits against sitting state court judges in federal court rarely, if ever, state a viable claim. To start, federal district courts are without power to issue mandamus orders to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, the ability to sue a judge for injunctive relief under Section 1983 is extremely limited. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

2

declaratory relief was unavailable." 42 U.S.C. § 1983. A tiny exception to this exists for cases involving acts by a judge outside her official capacity. *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 366-67 (9th Cir. 2004) (dismissal not warranted under § 1983's bar on injunctive relief against judicial officers where plaintiff sued California Chief Justice in his administrative capacity as Chair of the Judicial Council of California). But that exception does not apply here, and in any event federal courts should refrain from issuing an injunction to state judicial officers as a matter of comity. *See Pulliam*, 466 U.S. at 539.

Abstention doctrines also weigh against plaintiff's case. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances, which are not present here. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

There are other substantial reasons why this case cannot go forward. For example, even when read liberally in light of plaintiff's pro se status, the complaint fails to provide facts sufficient to state a plausible claim under Federal Rule of Civil Procedure 8(a). *See also Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. It certainly does not state facts sufficient to plausibly allege a conspiracy.

In effect, plaintiff is simply trying to relitigate legal rulings against him in a completely improper fashion. Many of those purported issues and defendants were addressed in a prior action, which was dismissed with prejudice and affirmed on appeal. *See Lena v. San Quentin State Prison*, Case No. 14-cv-02498-JD, Docket Nos. 18, 29. Those claims and defendants are dismissed again here with prejudice for that reason. *See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).

To the extent plaintiff tries to allege new claims against the Justices of the California Supreme Court, they are dismissed with prejudice as frivolous and implausible as a matter of law. His other requests for injunctive relief also fail to state claim pursuant to § 1983.

3

Because no amount of amendment would cure the deficiencies in the complaint, this case is dismissed without leave to amend. Judgement will be entered for defendants.

**CONCLUSION**

1. This action is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: November 19, 2018

JAMES DONATO
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

MICHAEL ANGELO LENA,

    Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.

Case No. 18-cv-05447-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 19, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Angelo Lena ID: AN9206
R.J. Donovan Corr. Facility
480 Alta Road
San Diego, CA 92179

Dated: November 19, 2018

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By: *Lisa R. Clark*
                                              LISA R. CLARK, Deputy Clerk to the
                                              Honorable JAMES DONATO